IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MANDRIEZ RAMON SPIVEY,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Sheriff DAVID DAVIS, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | <br><br><br><br><br>CIVIL ACTION NO. 5:21-CV-468 (MTT) |

## ORDER

Plaintiff Mandriez Ramon Spivey moved the Court for leave to proceed *in forma pauperis* ("IFP") in this action. Doc. 2. As discussed below, Spivey satisfies the requirements of poverty, and that motion is **GRANTED**. Pursuant to granting Spivey's IFP status, the Court must also screen Spivey's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e). The Court finds the complaint insufficiently pled to conduct a thorough frivolity screening. Accordingly, Spivey is **ORDERED** to recast his complaint.

**I. Leave to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

In this case, Spivey's financial affidavit reveals precious little information. *See generally* Doc. 2. In fact, some of Spivey's information appears to be contradictory, as he lists $320 dollars per month from employment but also claims to be in between jobs. *Id.* at 1, 5. Giving Spivey the benefit of the doubt that his only source of income amounts to $320 per month, Spivey's yearly income of $3,840 is well below the federal poverty guideline for a household of one, which is $12,880. Accordingly, having read and considered Spivey's financial affidavit, the Court finds that Spivey is unable to pay the costs and fees associated with this lawsuit, and his Motion to Proceed IFP is **GRANTED**.

**II. Order to Recast**

In his complaint, Spivey lists various claims ranging from an alleged false mental health diagnosis to violent attacks. It remains unclear throughout the complaint when these alleged events took place, aside from a lone reference to 2007, or how most of

the many named defendants violated Spivey's rights. The allegations are thin, and the Court is unable to conduct a thorough frivolity review upon the complaint as written. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether this deficiency is because of the manner in which the allegations have been pled or whether they simply lack substance.

It is not incumbent upon the Court to effectively re-write Spivey's complaint so that it complies with the Federal Rules of Civil Procedure. See *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Spivey will instead be given an opportunity to address the deficiencies identified above. See *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). If Spivey wishes to pursue his claims, then he is **ORDERED** to recast his complaint. **Spivey's recast complaint will take the place of and supersede the initial complaint in this case.** The complaint should be marked with the case number of the above-captioned action and state only related claims; unrelated claims should be raised and filed in separate complaints.

Spivey's recast complaint should clearly state (1) who Spivey seeks to sue; (2) what each Defendant did (or did not do) to violate his constitutional rights; (3) when and where each action occurred; and (4) how Spivey was injured as a result of each Defendant's actions. If, in his recast complaint, Spivey fails to clearly link a Defendant to a claim, the claim will be dismissed; if he makes no allegations against a Defendant, that Defendant will be dismissed. Spivey shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his recast complaint.

**SO ORDERED**, this 18th day of January, 2022.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT