IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANDRIEZ RAMON SPIVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-468 (MTT) |
| | ) |
| Sheriff DAVID DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Mandriez Ramon Spivey filed a complaint and a motion for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. The Court granted Spivey's motion to proceed IFP and ordered him to recast his complaint so that the Court could complete its frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 3. Spivey submitted his recast complaint on January 26, 2022.[1] Doc. 4. After review, the Court finds Spivey's claims to be frivolous, and Spivey is given notice that any additional frivolous filings will result in his enjoinment from submitting any filings without first seeking leave of the Court. For the following reasons, Spivey's claims are **DISMISSED without prejudice.**

### I. STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the

---

[1] Spivey subsequently filed three additional recast complaints. Docs. 5; 6; 7. Because Spivey did not seek leave to submit additional amendments to his complaint and the Court's order was clear that Spivey should submit all claims he wished to pursue in his recast complaint, these additional filings will not be considered. Doc. 3.

court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks, alterations, and citation omitted).  When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because the plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

## II.  DISCUSSION

### A.  Frivolity Review of Spivey's Claims

The recast complaint contains many of the same deficiencies identified in the original complaint, as Spivey has again failed to clearly articulate when many of his claims occurred or which of the named defendants committed many of the acts he alleges.  *See generally* Docs. 3 at 2-3; 4.

Reading Spivey's recast complaint broadly, he claims he suffered: (1) excessive force and planned assaults from members of the sheriff's office in 1999; (2) false imprisonment, planned assaults and denial of administrative remedies from members of the Bibb County Sheriff's Office, and forced medication in 2007; (3) denials of the administrative remedies and the appeals process by members of the Sheriff's Office related to the investigation of a 2007 assault by a Sheriff's Officer, which Spivey attempted to appeal in 2020; (4) refusal by the Sheriff's Office to investigate a report Spivey made of certain individuals perpetrating sexual abuse against children in 2020, which Spivey claims violated his due process rights; and (4) undated claims of additional assaults, a false diagnosis of schizophrenia, forced medication, and refusal by the Sheriff's Office to properly investigate the burglary of Spivey's apartment.  Doc. 4.  Many of Spivey's claims relate to an alleged overarching conspiracy between members of Spivey's family and the Bibb County Sheriff's Office.  Spivey claims this conspiracy has caused the Sheriff's Office to conduct assaults against him, arrange a false mental health diagnosis for Spivey as a cover-up for the conspiracy, refuse him administrative remedies and the appeals process, and refuse to investigate his

unrelated reports of burglary and a child sexual abuse ring.[3]  *Id.*  As to the substance of Spivey's dated claims, all are either barred by the statute of limitations for § 1983 actions or fail to state a claim for which relief could be granted.[4]

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald,* 528 F.3d 1290, 1292 (11th Cir.2008) (quotation omitted).  In Georgia, the statute of limitations for such claims is two years.  O.C.G.A. § 9-3-33.  Spivey's claims alleging excessive force, assaults, false imprisonment, forced medication, refusal to investigate his report of a burglary, and denials of administrative processes and appeals processes in 1999 and 2007 are therefore barred.  *See Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").  Spivey's claim that he was denied administrative remedies and the appeals process in 2020 for an assault that occurred in 2007 is also barred by the statute of limitations.  Doc. 4 at 9 ("My

---

[3] The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless," the complaint must be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "[C]learly baseless" factual allegations are those "describing fantastic or delusional scenarios."  *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).  Many of Spivey's factual allegations could be read as rising to "the level of the irrational or wholly incredible," which would warrant dismissal as frivolous.  *Denton*, 504 U.S. at 33.  Nevertheless, out of an abundance of caution and to give Spivey a final benefit of the doubt, the Court will review Spivey's claims.

[4] Spivey's undated claims of assaults, a false diagnosis of schizophrenia, forced medication, and refusal by the Sheriff's Office to properly investigate the burglary of Spivey's apartment were submitted in violation of the Court's clear instructions to date each claim he intended to raise in his recast complaint.  Doc. 3.  In light of Spivey's refusal to comply with the Court's instructions and the number of claims barred by the statute of limitations in his recast complaint, the Court will not consider the undated claims.

constitutional rights were violated when I was assaulted by Bibb County Sheriff [sic] in 2007 when I was subjected to excessive use of force.  When I filed the administrative remedy in 2020, […] I was denied the appeals process").[5]

Spivey's remaining dated claim relates to the Sheriff's Office's refusal to investigate a report of a family member and a sheriff's officer "being part of a [sic] online sex offender organization that sexual [sic] assaults children and Black people" in 2020.  Doc. 4 at 12.  Spivey claims these refusals to investigate violated his due process rights.  Doc 4 at 13.  Even in cases where a lack of investigation by state actors results in actual harm through another party's criminal conduct, "[t]he Supreme Court has been particularly unreceptive to the [. . . premise] that citizens of this country have a substantive due process right to be protected by government from the lawless among us."  *Lovins v. Lee*, 53 F.3d 1208, 1209 (11th Cir. 1995).  The due process clause is "a limitation on the State's power to act, not a guarantee of certain minimal levels of safety and security" through specific government actions or specific acts by officials.  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989).  In short, the Sheriff's Office's determination that Spivey's reports did not require investigation does not establish a due process violation.  Spivey's claim is frivolous.  *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (holding that claims are frivolous if it is apparent "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless'").

---

[5] Additionally, if Spivey were a prisoner or a pretrial detainee at the time of these alleged events, which is unclear from his recast complaint, he would have had no constitutional right to a grievance process.  *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Dunn v. Martin*, 178 F.App'x 876, 878 (11th Cir. 2006) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.")

Accordingly, Spivey's claims are **DISMISSED without prejudice**.

## B.  Notice of Enjoinment Should Spivey File Additional Frivolous Claims

Spivey is a frequent filer who has initiated at least 69 actions since 2011.  *See* Case No. 1:22-cv-10-LAG Doc. 6 at 1-2 (explaining the scope of Spivey's filings).  Spivey currently has other cases pending in the Middle District of Georgia and has also attempted to reopen several of his older cases in recent years. *See Spivey v. Humphrey*, 5:21-cv-467; *Spivey v. Woodford*, 5:22-cv-66; *Spivey v. Braggs*, 5:14-cv-191.  Most of Spivey's cases have been dismissed for issues such as frivolity, lack of jurisdiction, improper venue, or failure to prosecute.  *See Spivey v. Does, et al.*, 5:20-cv-185; *Spivey v. Walker, et al.*, 5:20-cv-331; *Spivey v. Riveredge Milledgeville Mental Health*, 5:20-cv-186; *Spivey v. Jackson High Max Psychologist*, 5:20-cv-200; *Spivey v. Brekon, et al.*, 5:20-cv-177; *Spivey v. Does*, 1:18-cv-222; *Spivey v. Warden, et al.*, 5:21-cv-398.  No case in the Court's review has avoided dismissal.[6]  Moreover, beyond the matter of substance of Spivey's filings, there appear to be issues concerning Spivey's general truthfulness.   Since entering its last order, the Court has learned of factual discrepancies between the IFP application that Spivey filed for this case and his other IFP applications, including his number of dependents, their ages and names, Spivey's own age, and his educational level.  *See* Doc. 2; *compare to* Case No. 1:22-cv-10 (LAN), Doc. 4.

These filing habits are grounds for enjoinment.  The Eleventh Circuit recognizes that restricting a plaintiff's ability to file can be "necessary and prudent to protect the

---

[6] Spivey has had several cases transfer to other jurisdictions.  The Court limited its review to cases which remained in the Middle District of Georgia.  Additionally, it is possible that one of Spivey's other ongoing cases will be found meritorious.

rights of all litigants in the federal system" when the plaintiff repeatedly abuses his filing rights. *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time," and when a litigant repeatedly submits a flood of claims, "the claims of other litigants necessarily suffer." *Id.* at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *citing In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986). District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dept. of Housing and Urban Development*, 355 Fed. App'x. 300, 308 (11th Cir. 2009). Enjoinment from filing without first seeking leave of the court is one of the methods a district court may use to control a repetitive and excessive filer. *Cobble v. U.S. Government*, 816 Fed. App'x 355, 360 (11th Cir. 2020).

If Spivey files an additional frivolous lawsuit, the Court will enjoin him from submitting any filings, in new actions or actions already pending before the Court, without first submitting a petition for leave to file in accordance with instructions detailed in the order issuing the enjoinment.

### III. CONCLUSION

For the reasons discussed above, Spivey's claims are **DISMISSED without prejudice**, and Spivey is put on notice that he will be enjoined from submitting any additional filings without first seeking leave of the Court should he file another frivolous lawsuit**.**

**SO ORDERED**, this 8th day of April, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
